IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-052-JHP |
| | ) | |
| CHARLES JERELL SIMS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant Charles Jerrell Sims' Motion to Withdraw Plea [Docket No.127] and Plaintiff United States of America's Response in Support of the Motion [Docket No.128]. For the reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND

Defendant was originally indicted on Counts I and II of the original Indictment for Possession of Marijuana with Intent to Distribute and Possessing a Firearm during a drug trafficking offense. After Defendant cooperated with the United States Attorney and testified before a Grand Jury, a Superceding Indictment [Docket No. 50] was filed which added a third Count for Conspiracy in addition to the two Counts contained in the original Indictment. Defendant pleaded guilty to Counts I and III of the Superceding Indictment on July 9, 2008. At the Change of Plea hearing, Defendant was incorrectly advised of the potential penalty for Count III, Conspiracy, by his counsel and the Assistant United States Attorney. Defendant was informed that the maximum penalty for Count III was five (5) years, however, the maximum potential penalty for Count III is actually twenty (20) years. The Court became aware of this mistake during the sentencing hearing held on

1

December 22, 2008. The Court continued the sentencing and allowed Defendant ten days to file a Motion to Withdraw Plea of Guilty.

## DISCUSSION

A defendant may withdraw a plea that has not been entered into voluntarily. *McCarthy v. United States*, 394 U.S. 459, 471-72 (1969). In order for a plea to be voluntary, "a court must assess whether a defendant fully understood the consequences of the plea." *Id*. at 1169-70. "Both the attorneys and the court have a duty to apprise the defendant of the consequences of the plea and ensure that it is voluntary. If these duties are not discharged, the defendant is not 'fully aware' of the consequences of the plea and it is therefore involuntary." *United States v. Williams*, 919 F.2d 1451, 1456 (10th Cir. 1990). The court's duty to apprise the defendant are specifically set forth in Rule 11(b) of the Federal Rules of Criminal Procedure. Rule 11(b)(1)(H) states that before accepting a guilty plea the court must address the defendant and inform him of "any maximum possible penalty, including imprisonment ." An attorney can nullify a plea agreement if the attorney "materially misinforms the defendant of the consequence of the plea." *Williams*, 919 F.2d at 1456.

In this case, it is undisputed that Defendant was misinformed about the maximum prison sentence for Count III of the Superceding Indictment. Defendant was informed that the maximum sentence was five years when, in reality, it was twenty years. The Court considers a fifteen year difference in potential prison sentences to clearly be "material." Because of this material misstatement, the Court finds that Defendant did not fully understand the consequences of his plea. As a result, the Court cannot find Defendant's guilty plea to be voluntary. Therefore, the Court finds that Defendant may withdraw his plea of guilty as to Count III, Conspiracy, of the Superceding Indictment.

## **CONCLUSION**

For the reasons set forth herein, Defendant's Motion to Withdraw Plea is hereby GRANTED.

IT IS SO ORDERED.

*James H. Payne*
United States District Judge
Northern District of Oklahoma