## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     *Respondent/Plaintiff*, ) | |
| ) | |
| v. ) | 08-CR-052-JHP |
| ) | (Case No: 09-CV-595-JHP) |
| CHARLES JERRELL SIMS, ) | |
| ) | |
|     *Petitioner/Defendant*. ) | |

### ORDER AND OPINION

Before the Court are Petitioner Charles Jerrell Sims' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 141], Petitioner's Brief in Support [Doc. No. 142], the Government's Response to Petitioner's 28 U.S.C. § 2255 Motion [Doc. No. 150], the Petitioner's Reply to Government's Response [Doc. No. 154], the Government's Surreply [Doc. No. 159], and the Petitioner's Surreply and corresponding Affidavit [Doc. Nos. 161 and 162]. The Petitioner also filed a Motion For Summary Judgment [Doc. No. 152] and an Affidavit in Support of this Motion [Doc. No. 151]. Sims alleges he received ineffective assistance of counsel for which he is entitled to relief and that the U.S.S.G. §2D1.1(b)(1) enhancement given at sentencing was improper. For the reasons cited herein, Sims's motion is **DENIED**.

### BACKGROUND

On March 6, 2008, a grand jury in the Northern District of Oklahoma returned an indictment charging Petitioner Charles Jerrell Sims, with one count of possessing marijuana with intent to distribute pursuant to 21 U.S.C. §§841(a)(1) and 841(b)(1)(D) and one count of possessing a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. §924 (c)(1)(A). Both counts arose

1

from a traffic stop which occurred on February 15, 2008, wherein a vehicle driven by Sims was stopped on the Turner Turnpike in Creek County Oklahoma. After Sims refused to allow the Oklahoma Highway Patrol trooper to search the vehicle, the trooper called for a canine unit to walk around the vehicle. The dog alerted to the trunk of the car and approximately 100 pounds of marijuana and a firearm was found in two duffle bags in the trunk. On May 7, 2008, a three count superseding indictment was filed charging Sims and co-Defendant Carlester Shaw with conspiracy to possess 50 kilograms or more of marijuana with intent to distribute.

Sims and Shaw filed a motion to suppress which was heard by Magistrate Judge Joyner. Magistrate Judge Joyner issued a Report and Recommendation denying the Defendants' motion to suppress. The Defendants filed written objections to the Magistrate judge's report, however, this Court overruled those objections and upheld the Magistrate Judge's recommendation denying the Motion to Suppress.

On July 21, 2008, Sims pled guilty to counts one and three of the superceding indictment. On October 29, 2008, the Court sentenced Sims to 48 months imprisonment in the custody of the Bureau of Prisons as to each count, with said terms of imprisonment to run concurrently. Following release from imprisonment, Sims was ordered to serve an additional three years on supervised release. Further, Sims was ordered to pay a $200.00 special assessment and a $1,750.00 fine. The Judgment and Commitment was filed on November 13, 2008. Sims was later allowed to withdraw his guilty plea as to count three because he had been misinformed of the maximum punishment. Upon the Government's motion count three was dismissed.

## DISCUSSION

As an initial matter, the Court notes that the failure to raise an issue on direct appeal generally bars a petitioner from subsequently raising the same issue on collateral review pursuant to 28 U.S.C. § 2255 unless the petitioner can demonstrate "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense," *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004); *see United States v. Frady*, 456 U.S. 152, 167 (1982), or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Nevertheless, the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Sims raises both substantive claims that he failed to raise on direct appeal and claims for ineffective assistance of counsel. Although Sims is not procedurally barred from bringing his ineffective assistance of counsel claims pursuant to a § 2255 motion his substantive claims which were not raised on direct appeal are procedurally barred.

## I.  CLAIMS REGARDING THE ENHANCEMENT

Sims first argues that the Court erred in applying the two point enhancement at sentencing pursuant to U.S.S.G. §2D1.1(b)(1) because the record was "wholly devoid of evidence" to support the enhancement. [Doc. No. 142] An objection was filed to the presentence report by defense counsel regarding this enhancement and the Court addressed the Defendant's objections in detail on the record at sentencing. The Defendant's failure to raise the issue on direct appeal does not result in a fundamental miscarriage of justice and as such, this issue has been waived.

Further, in the Defendant's plea agreement, Sims waived the right to file a direct appeal of his conviction or sentence unless his sentence was above the maximum sentence allowed by statute.

[Doc. No. 83] Sims also waived the right to collaterally attack his conviction and sentence except for the issue of ineffective assistance of counsel in his plea agreement. [Doc. No. 83] Magistrate Judge Joyner went over each of these provisions with Sims during the change of plea hearing. [Doc. No. 108] In light of Defendant's Plea Agreement Defendant cannot now collaterally attack the Court's application of the two point enhancement at sentencing.

## II.     INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant raises an ineffective assistance of counsel claim stating that his trial counsel was ineffective during sentencing "in not providing the Court with the argument advanced herein." Ineffective assistance claims are reviewed under the framework set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prove ineffective assistance of counsel at either the trial or appellate stage, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice, such that there is a reasonable probability that but for counsel's errors, the outcome of the trial would have been different." *Young v. Sirmons*, 486 F.3d 655, 674 -675 (10th Cir. 2007); *see Strickland*, 466 U.S. at 687. Courts are free to address the performance and prejudice components in any order and need not address both where a defendant fails to make a sufficient showing of one. *Strickland*, 466 U.S. at 697. "[A] failure to prove either one is dispositive." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006).

This Court initially notes that Sims's first argues that his counsel failed to raise the arguments on his behalf regarding his objections to enhancement imposed by the Court for possessing a firearm during the commission of a felony. However, Sims's attorney objected to the presentence report, specifically to the two-point increase for the firearm stating that Sims adamantly denied any

knowledge of the firearm being present in the vehicle at the time of his arrest. Sims's attorney also filed a motion for variance on his behalf and objected to the firearm enhancement at sentencing. [Doc. No. 147, pg. 2-4] Although the trial Court overruled counsel's objection, the evidence is clear that Sims's counsel did raise these objections on his behalf and argued against the enhancement. As such, Sims cannot show his Counsel was deficient in his representation.

Sims's also contends his attorney "was derelict in not filing a timely notice of appeal." [Doc. No. 161] The Government in its Surreply brief submitted an affidavit from Creekmore Wallace, Sims's attorney, stating that ". . .explained again his appeal waiver and he did not ask or order me to appeal the firearm enhancement issue." [Doc. No. 159] The Affidavit further states "I did not tell him I would appeal the firearm enhancement issue." [Doc. No. 159] Sims's filed an affidavit in response to the Affidavit submitted by Attorney Wallace which states "Mr. Wallace did not do his best in representing me as his client and at no time did I tell Mr. Wallace I did <u>not</u> want to appeal the two-level enhancement." [Doc. No. 162]

Although this claim is one of ineffective assistance of counsel it has been waived by Sims in his plea agreement. Sims's plea agreement states:

> **III.   Appellate and Post-Conviction Waiver**
> In consideration of the promises and concessions made by the United States in the plea agreement, the defendant knowingly and voluntarily agrees to the following terms:
> A.   The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. §1291 and/or 18 U.S.C. §3742(a); and
> B.   The defendant reserves the right to appeal from a sentence which exceeds the statutory maximum; and
> . . .
> D.   The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. §2255, except for claims based on ineffective assistance of counsel which challenges the validity of the guilty plea or this waiver

> . . .
> The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that defendant understands his rights; and that defendant knowingly and voluntarily waives those rights as set forth above.
> [Doc. No. 83]

"[T]here appear to be two critical components to determining whether the right to collateral relief survives a waiver": (1) " whether there is any basis for a claim of ineffective assistance of counsel," and (2) "whether that ineffectiveness claim pertains to the validity of the plea." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) Therefore, "subject to the same exceptions that apply to waivers of the right to direct appeal, it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver." *Id.*

The Tenth Circuit in *United States v. Smith*, recently upheld a district court's denial of a §2255 motion where the Petitioner raised ineffective assistance of counsel claims, based on his counsel's failure to object to the content of the presentence report and to advise him of his rights to appeal. 2010 WL 1258132, *2 (10th Cir. March 31, 2010). The Tenth Circuit agreed with the District Court that these issues "were within the scope of the waiver because neither claim challenged the validity of the plea or the waiver." *Id*. Citing *Cockerham*, 237 F.3d at 1187. Such is the case here. This Court finds that Sims's plea agreement clearly included a waiver of any direct or collateral appeal including claims for ineffective assistance of counsel other than those which challenge the validity of the guilty plea or the waiver of his rights. Nothing in Sims's contentions regarding his counsels' ineffectiveness challenges the knowing and voluntary nature of his guilty plea or the waiver or his appellate rights he entered into. For these reasons, this Court finds that holding Sims to this

waiver of rights would not result in a miscarriage of justice and therefore, Sims's claims regarding the ineffectiveness of his counsel are waived. *See Smith*, 2010 WL 1258132 at *2.

### III.     PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Also before the Court is Sims's Motion for Summary Judgment [Doc. No. 152]. Petitioner argues the Government failed to timely respond to his Motion and as such, this Court should grant him the relief requested in his §2255 motion. On October 2, 2009, this Court granted the Government an extension until November 17, 2009, to file its response to the Petitioner's Motion. [Doc. No. 146] The Government filed its response on November 10, 2009, and was, therefore, timely in its filing. [Doc. No. 150] As such, Sims's Motion for Summary Judgment is **DENIED.**

### CONCLUSION

For the reasons cited herein, Petitioner Charles Jerrell Sims's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 141] is hereby **DENIED**. Further, Petitioner's Motion for Summary Judgment [Doc. No. 152] is also **DENIED.**

**IT IS SO ORDERED** this 25th day of August, 2010.

James H. Payne
United States District Judge
Northern District of Oklahoma